UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEJAL PATEL<br><br>Plaintiff,<br><br>v.<br><br>DEVRY, INC. and DEVRY MEDICAL INTERNATIONAL, INC. dba ROSS UNIVERSITY SCHOOL OF MEDICINE<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff TEJAL PATEL (hereinafter, referred to as "Patel"), by and through her attorney, Jason J. Bach, Esq., of The Bach Law Firm, LLC, hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

**VENUE & JURISDICTION**

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act of 1973 (hereinafter, referred to as "Section 504") and Title III of the Americans with Disabilities Act (hereinafter, referred to as the "ADA").

2. Subject matter jurisdiction is also invoked pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3. This Court has supplementary jurisdiction over Patel's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Patel's federal claims that they form a part of the same case or controversy.

1

4. Venue is appropriate in this Court under 28 U.S.C. § 1391 as Defendants' administrative offices are located in this District.

## PARTIES

5. Patel is currently a resident of the State of New Jersey and, at all relevant times, was a student at Ross University School of Medicine (hereinafter, referred to as "RUSM").

6. Defendant RUSM is a private university. Its academic campus is located in the Caribbean country of Dominica. RUSM's administrative offices are located in North Brunswick, New Jersey and in Miramar, Florida.

7. DeVry, Inc., through its subsidiary DeVry Medical International, Inc., operates RUSM.

8. DeVry, Inc., is a corporation organized and existing under the laws of Delaware. DeVry's executive offices are located in Downers Grove, Illinois.

## FACTS

9. Patel was a medical student at RUSM who suffers from a disability; namely, Attention Deficit Hyperactivity Disorder (hereinafter, referred to as "ADHD"), which substantially limits her ability to complete examinations, and other studies, on a timely basis and qualifies her to receive reasonable accommodations from RUSM; including additional time in which to complete examinations and separate testing locations, under both RUSM policy and Section 504.

10. During the 2015 academic year, Patel was involuntarily dismissed from RUSM based upon her not completing the United States Medical Licensing Examination (hereinafter, referred to as "USMLE") Step II examination by January 2015 and not graduating from the program within a seven year period from matriculation. Other than completing the USMLE Step II examination, Patel had completed all other requirements for graduation from RUSM.

11. Patel first made RUSM aware of her disability in November 2010 during her surgery rotation. At that time she was experiencing effects of her disability, which was causing her to be late and absent from that rotation, and she was unable to complete the rotation. RUSM allowed Patel to repeat the rotation in December 2012, and she passed.

12. In November 2014, prior to her dismissal, Patel again informed RUSM administration of her disability and notified them that she was experiencing difficulties studying due to her disability, and she was experiencing difficulties with her ADHD medication.

13. In November 2014, Patel requested reasonable accommodations from RUSM to address her disability; including additional time to complete her USMLE Step II examination.

14. In November 2014, Patel also requested a medical leave of absence to address her disability because her physician recommended that she check into a treatment center immediately and stay through March 2015 to address the difficulties she was having with her ADHD and her medication. Patel requested that RUSM allow her to postpone taking her January 2015 USMLE Step II exam due to the medical leave of absence she required.

15. RUSM failed to respond to Patel's request for a medical leave of absence or her request for additional time to complete her USMLE Step II examination until December 2014. At that time, RUSM refused to provide Patel any accommodations. RUSM denied her request for a medical leave of absence and informed her that the exam must be completed by January 2015 but provided no explanation regarding why this reasonable request was being denied.

16. Moreover, between the time Patel requested additional time and when RUSM eventually responded to Patel's request, she was forced to take medical leave and check into a rehabilitation facility as a result of the difficulties she was experiencing with her ADHD

medication. Patel's disabilities had also been exacerbated by the harassing and hostile conduct of preceptors assigned to her by RUSM.

17. While she was in rehab, RUSM informed Patel that she was dismissed from the medical school program as a result of missing the January 2015 deadline for completing her USMLE Step II examination and not graduating from the program within seven years of matriculation. RUSM failed to provide any accommodations for Patel's disability despite notice, requests for reasonable accommodations, and notice that Patel was on medical leave in an in-patient rehabilitation facility due to her disability.

18. Prior to taking a medical leave of absence in December 2014, Patel was forced to take two additional leaves of absence due to her disability. These leaves of absence were not factored into RUSM's decision to dismiss her from the program for not completing the USMLE Step II exam within seven years of matriculation.

19. While Patel was seeking assistance from RUSM, she was unaware of what accommodations she was entitled to under federal law or under RUSM policies and procedures, and RUSM failed to provide Patel any information regarding disability support services provided by the university, accommodations, or her rights under Section 504 and the ADA.

20. RUSM took no action pursuant to Patel's requests for assistance, and RUSM refused to acknowledge her disability, let alone provide disability accommodations.

21. Despite Patel's numerous and unanswered attempts to seek assistance and accommodations for her disability in November 2014, RUSM eventually refused Patel's requests and dismissed Patel for failure to graduate within 7 years of matriculation, which was directly caused by her disability for which RUSM refused to provide reasonable accommodations.

22. Despite RUSM's knowledge of Patel's disability, RUSM failed to address her disability, dismissed her and failed to address how she was evaluated prior to dismissal in light of her qualified disability and the leave of absence she was forced to take due to her disability.

23. RUSM was aware that Patel's disability qualifies her under Section 504, which dictates that she is entitled to various "academic adjustments" to ensure that she is not discriminated against, based upon her disabilities. 34 C.F.R. § 104.44. These adjustments can include substitution of specific courses required to complete a degree program and modification "of the manner in which specific courses are conducted." 34 C.F.R. § 104.44(a). Section 504 also requires that a college or university modify how they evaluate academic achievement of a student with disabilities. 34 C.F.R. § 104.44(c).

24. Had RUSM provided the reasonable accommodations Patel requested, which did not materially alter the program and could have been provided by RUSM for minimal (if any) expense, Patel would have had the same opportunity as students without her disability. But, RUSM provided no such accommodations.

25. As a result of not being provided reasonable accommodations, Patel was put at a substantial disadvantage to other students and was ultimately dismissed from the program. RUSM's failures to provide Patel minimal accommodations and to modify its evaluation of her academic performance in light of her disability, despite RUSM's knowledge of her disability and despite Patel's repeated requests, are in direct violation of law.

**FIRST CAUSE OF ACTION**

*VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973,*
*29 U.S.C. §701, et seq.*

26. Patel reincorporates by reference each and every preceding paragraph as if fully restated herein.

5

27. Patel is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20). Patel suffers from ADHD, which is a qualifying disability. This disability substantially limits major life activities; including learning and working, because it substantially limits her ability to complete examinations and assignments on a timely basis and limits her ability to organize and stay on task, limits her ability to take notes in class, and requires her to take medication, which adversely affected her ability to attend classes, thereby affecting her ability to function in her role as a student at RUSM.

28. Patel is otherwise qualified to participate in RUSM's curriculum and is able to participate in said program with reasonable accommodations in place.

29. Defendants receive federal financial assistance, as defined by 29 U.S.C. §794, and, as such, may not discriminate against a person because of her disability.

30. Despite Patel's requests for reasonable accommodations; including allowing her the additional time she required to complete the USMLS Step II examination, as a result of her disability, Defendants refused to provide them.

31. Solely by reason of her disability, Patel was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating Section 504.

32. Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Patel so that she could continue in her educational program, which is a violation of Section 504.

33. In addition, and in the alternative to the above-noted violations of Section 504, RUSM also violated Section 504 when retaliating against Patel when she began to advocate for her rights under Section 504.

34. Such acts, omissions and failures by RUSM proximately caused injuries to Patel.

35. Defendant has wrongly caused Patel to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn her from the program, all in violation of her rights pursuant to Section 504, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

36. It has been necessary for Patel to obtain the services of an attorney to prosecute this action, and Patel is entitled to an award of attorney's fees and costs of suit incurred herein.

37. Patel is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the statute, to allow her immediate access and participation in this education program.

## SECOND CAUSE OF ACTION

### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et. seq.

38. Patel reincorporates by reference each and every preceding paragraph as if fully restated herein.

39. Patel is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2). Patel suffers from ADHD, which is a qualifying disability. This disability substantially limits major life activities, including learning and working, because it substantially limits her ability to complete examinations and assignments within the same time allotted to other students who do not have her disability. It further limits her ability to take notes in class and requires her to take medication, which had an adverse effect on her ability to attend classes, thereby affecting her ability to function in her role as a student at RUSM.

7

40. Patel is able to perform the essential functions to participate in Defendant's curriculum with or without accommodations but was discriminated against and placed at a disadvantage because of her disability.

41. RUSM is considered to be a "place of public accommodation," as defined in 42 U.S.C. § 12181(7), as it is a private school, so as to be covered by the mandate of the ADA.

42. RUSM is a facility, the operation of which constitutes a program and services for ADA purposes.

43. RUSM failed and refused to reasonably accommodate Patel in violation of Title III of the ADA. Patel required a medical leave of absence and additional time in which to complete her USM:E Step II examination as a result of her disability, which were reasonable accommodations she requested and RUSM refused to provide.

44. Patel's inability to complete the USLME Step II Examination by the January 2015 deadline and complete the RUSM program within 7 seven years of matriculation was a direct manifestation of her disability and RUSM's failure to provide the reasonable accommodations she required to address this disability. As a result, RUSM dismissed Patel on the basis of her known disability.

45. RUSM failed and refused to reasonably modify its services in violation of Title III of the ADA. Such failures by RUSM proximately caused injuries to Patel.

46. Patel's disabilities were well known to RUSM but, despite Plaintiff's multiple requests for reasonable accommodations, RUSM refused to provide the reasonable accommodations of allowing her a medical leave of absence to address the difficulties she was having with her ADHD and with her medication and additional time to complete the USMLE Step II exam.

47. Defendants have wrongly caused Patel to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn her from the program, based upon her disability, all in violation of her rights pursuant to the ADA, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

48. It has been necessary for Patel to obtain the services of an attorney to prosecute this action, and Patel is entitled to an award of attorney's fees and costs of suit incurred herein.

49. Patel is entitled to injunctive and declaratory relief to obtain the physical and programmatic accessibility, as permitted under the statute, to allow her immediate access and participation in this education program.

## THIRD CAUSE OF ACTION

### *BREACH OF CONTRACT*

50. Patel reincorporates by reference each and every preceding paragraph as if fully restated herein.

51. By admitting Patel and accepting her tuition payments, RUSM has an express and implied contract with Patel in connection with rights explicitly guaranteed her by RUSM pursuant to the RUSM Student Handbook.

52. Defendants' actions constitute a material and substantial breach of the express and implied contract by:

> (a) denying Patel her right to equal opportunity and denying Patel, a "qualified person with a disability," "reasonable accommodations" as is set forth in the *Student Handbook - Accommodations for Students with Disabilities*.

(b) denying Patel her right to a productive learning environment free from harassment or discrimination – *Student Complaint Procedure*

53. At all times relevant, Patel abided by and governed her conduct by the terms of the aforementioned contract and met all financial obligations.

54. As a direct and proximate result of Defendants' actions, Patel has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated from RUSM and Patel's earning capacity without a medical degree from RUSM.

55. As a direct and proximate result of Defendants' actions, Patel has lost tuition she paid to RUSM.

56. As a result of the breach committed against Patel, she has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

57. It has been necessary for the Patel to obtain the services of an attorney to prosecute this action, and Patel is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

58. Patel reincorporates by reference each and every preceding paragraph as if fully restated herein.

59. The aforementioned contract between the parties contained an implied covenant of good faith and fair dealing, which precludes Defendants from evading the spirit of the contract, willfully rendering imperfect performance, interfering with Patel's ability to benefit from its terms, acting in contravention of Patel's reasonable expectations, failing to abide by the standards and

policies promulgated by Defendants, or otherwise acting in an arbitrary and capricious manner with respect to Patel.

60. Defendants breached this implied covenant of good faith and fair dealing by making it impossible for Patel to realize the benefit of her contract and by permitting its agents to act in bad faith and in a manner which interfered with Patel's contractual expectations.

61. As a result of the breach committed against Patel, she has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

62. It has been necessary for the Patel to obtain the services of an attorney to prosecute this action, and Patel is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE,** Patel prays that this Honorable Court enter judgment in Patel's favor, and against Defendants, for (1) an injunction requiring RUSM to reinstate Patel into her program; (2) compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (3) the costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires; and (4) any other relief that justice so requires.

## JURY DEMAND

Plaintiff TEJAL PATEL respectfully prays a trial by jury on all issues so triable.

DATED this 2nd day of October, 2015.

        */s/ Jason J. Bach*  
        Jason J. Bach, Esq.  
        **THE BACH LAW FIRM, LLC**  
        7881 W. Charleston Blvd., Suite 165  
        Las Vegas, Nevada 89117  
        Telephone: (702) 925-8787  
        Facsimile: (702) 925-8788  
        Email: jbach@bachlawfirm.com